UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PNC BANK, NATIONAL ASSOCIATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ICOE, LTD., et al., ) <br> ) <br> Defendants. ) | CAUSE NO. 1:07-cv-992-WTL-TAB |

**ENTRY ON PLAINTIFF'S MOTION TO DISMISS ICOE, LTD.**

The Seventh Circuit Court of Appeals repeatedly has admonished litigants and district courts regarding the necessity of confirming the existence of diversity of citizenship in every case upon which subject matter jurisdiction is so premised. *See, e.g.*, *May Dept. Stores Co. v. Federal Ins. Co.*, 305 F.3d 597, 598 (7th Cir. 2002) ("It seems that we shall have to keep repeating until we are blue in the face that whenever a party to a diversity suit is neither a business corporation nor a human being, the district judge and the lawyers for the parties must do careful legal research to determine the citizenship of the party rather than content themselves with making a wild stab in the dark . . . ."). Mindful of that fact, this Court issued an order requiring Plaintiff PNC Bank, National Association ("PNC") to supplement the record regarding the citizenship of the various Defendants in this case because the jurisdictional allegations in the amended complaint were insufficient. Unfortunately, the supplemental briefs submitted on the issue left unanswered the question of the citizenship of Defendant ICOE, Ltd.; PNC had determined that its sole member was Operator Services, Ltd., but did not assert who the members of Operator Services, Ltd., were or what their citizenship was. Because that information was critical to the determination of ICOE, Ltd.'s citizenship, *see Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007)

("For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members."), the Court gave PNC sixty days to conduct additional discovery on the issue and file yet another supplemental jurisdictional statement. What should have been a simple matter apparently was not, because sixty days later PNC filed the instant motion in which it states that it "has been unable to ascertain any additional information regarding ICOE, Ltd.'s citizenship" and therefore is now moving to dismiss ICOE, Ltd., from this case.

"[I]t is well-settled that [Federal Rule of Civil Procedure] 21 invests district courts with authority to allow a dispensable[1] nondiverse party to be dropped at any time. . . ." *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 572-73 (2004). Whether a party is "dispensable" is governed by the principles set forth in Federal Rule of Civil Procedure 19; therefore, to determine whether ICOE, Ltd., should be dismissed to preserve subject matter jurisdiction, the court must consider whether the case would be subject to dismissal pursuant to Rule 19 if ICOE, Ltd., were not named as a party. Rule 19(a) provides that a party is required to be joined in an action if feasible if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

If the person in question falls into one of the categories above but cannot feasibly be joined in the action (because, for example, diversity jurisdiction would be destroyed), the Rule 19(b)

---

[1] The Court recognizes that there is no evidence that ICOE, Ltd., is actually non-diverse; rather, PNC is simply unable to satisfy its burden of demonstrating that it is, in fact, diverse, which is the same thing for all practical purposes.

directs the court to determine "whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." The factors for the court to consider when making that determination include:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> (2) the extent to which any prejudice could be lessened or avoided by:
>
>> (A) protective provisions in the judgment;
>> (B) shaping the relief; or
>> (C) other measures;
>
> (3) whether a judgment rendered in the person's absence would be adequate; and
>
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Federal Rule of Civil Procedure 19(b). "The design of the Rule, then, indicates that the determination whether to proceed will turn upon factors that are case specific, which is consistent with a Rule based on equitable considerations. This is also consistent with the fact that the determination of who may, or must, be parties to a suit has consequences for the persons and entities affected by the judgment; for the judicial system and its interest in the integrity of its processes and the respect accorded to its decrees; and for society and its concern for the fair and prompt resolution of disputes." *Republic of Philippines v. Pimentel*, 128 S.Ct. 2180, 2188 (2008).

The first step, then, is to examine the claims that are being asserted in this case and determine the impact the dismissal of ICOE, Ltd., would have on the remaining parties. In its amended complaint, PNC alleges that it entered into a revolving credit and security agreement with OCMC, Inc., under which it lent OCMC a substantial sum of money. The revolving credit agreement granted PNC a first-priority security interest in OCMC's collateral, which included

"all receivables." PNC perfected its security interest in the collateral. OCMC defaulted to the tune of more than $19,000,000 plus interest, fees and expenses; this default has led to numerous lawsuits filed by PNC against OCMC and various other parties. In this particular suit, PNC alleges that in October 2005 OCMC purported to transfer certain of OCMC's accounts receivable and their proceeds in which PNC had a perfected security interest to Defendants Martin Scott Hall, ICOE, LLC, and/or ICOE, Ltd.[2] without giving notice to or obtaining the consent of PNC. Hall, ICOE, LLC, and/or ICOE, Ltd., then directed the account debtors on the transferred accounts receivable to send their payments directly to Defendant Thermo Credit,[3] again without notice to or consent from PNC. PNC alleges that the transfer of the accounts receivable by OCMC is void as to PNC and that Hall, ICOE, LLC, and/or ICOE, Ltd., are liable to it for conversion of the accounts receivable and also are liable for treble damages, costs and attorney fees pursuant to the Indiana Crime Victims Act. PNC makes the same assertions against Thermo Credit with regard to the payments on the accounts receivables that it has received. PNC also seeks declaratory judgment against each of the Defendants that its security interest in the accounts receivable has priority over any interest or right the Defendants might assert.

None of the Defendants attempts to apply the Rule 19(a) factors to PNC's factual allegations in any comprehensive way. With regard to the first factor, whether in ICOE, Ltd.'s absence the court cannot accord complete relief among the remaining parties, the Court determines it can. Either there is a legal basis for holding Thermo Credit, ICOE, LLC, and/or

---

[2]The amended complaint refers to ICOE, LLC, and ICOE, Ltd., collectively as ICOE without differentiating between the two.

[3]While the amended complaint does not give any details of this arrangement, Thermo Credit explains that it was a factoring agreement, which is a form of receivables-based financing.

Hall liable for conversion as to the OCMC accounts receivable they received, and/or for determining that PNC's security interest in those accounts receivable has priority over any of their interests in them, and once those determinations are made, the claims between PNC and each of those parties will be completely resolved. With regard to ICOE, Ltd.'s interest in the subject matter of this case, the Court notes that ICOE, Ltd., is currently a party to this action and it has failed to weigh in on whether its dismissal would prejudice its interests; indeed, it currently is not represented by counsel and therefore likely would be subject to a default judgment absent this unresolved jurisdictional issue. In any event, it does not appear to the Court that ICOE, Ltd.'s ability to protect its interests with regard to the accounts receivable would be impaired by its dismissal from this case, inasmuch as any judgment entered in this case would speak only to the liability of the remaining defendants, not the liability of ICOE, Ltd. Further, the Court is unaware of any risk that the remaining defendants would be subject to "double, multiple, or otherwise inconsistent obligations" as a result of the absence of ICOE, Ltd., from this suit.

It does not appear, then, that ICOE, Ltd., would be a party required to be joined if feasible under Rule 19(a), and therefore it is a dispensable party that may be dismissed to preserve diversity. However, inasmuch as Thermo Credit discusses the Rule 19(b) factors at some length, the Court, too, will examine them.

With regard to the first factor, whether the remaining parties would be prejudiced by a judgment rendered in ICOE, Ltd.'s absence, Thermo Credit argues as follows:

> PNC seeks to reach not only the proceeds of those accounts that ICOE allegedly received but also the distinct portion that Thermo Credit allegedly received as the result of its factoring agreement with ICOE. In order to do so, PNC must invalidate the transaction between OCMC and ICOE because the Bank's loan documents give OCMC the right to sell accounts receivable in the ordinary course of business and PNC did not assert control over OCMC's assets until well after the transaction at

> issue occurred. It is problematic that OCMC's Court-appointed receiver, Meridian Financial Advisors, Ltd. d/b/a The Meridian Group ("Meridian"), is not a party to this action, inasmuch as the accounts receivable at issue were the property of OCMC, not PNC. However, to proceed with the action in the absence of both parties to the underlying transaction–OCMC and ICOE–would make it impossible to try this case in a comprehensible way, and would prejudice Thermo Credit because neither party to the underlying transaction would be before the Court.

Thermo Credit Brief at 4. Thermo Credit is certainly correct that resolution of the claims against it will necessarily involve an examination of the transactions between OCMC and ICOE[4] and between ICOE, Ltd., and Thermo Credit; however, that examination can occur whether or not OCMC and ICOE, Ltd., are parties to this case. The fact that a person was a critical participant in to the events at issue in a case may make that person an indispensable witness, but "an indispensable witness isn't an indispensable party." *Extra Equipamentos E Exportacao Ltda. v. Case Corp.*, 361 F.3d 359, 362 (7th Cir. 2004). Thermo Credit does not explain how it would be prejudiced simply because no judgment is entered with regard to ICOE, Ltd., in this case. Neither does Defendant Hall; although he has submitted a letter objecting to the dismissal of ICOE, Ltd., on the ground that such a dismissal would severely prejudice his ability to defend himself, he does not explain the nature of that prejudice.[5]

Similarly, with regard to the second and third factors, Thermo Credit argues that the Court could not fashion a judgment that did not include ICOE, Ltd., that would avoid prejudice to it and ICOE, Ltd., and that any such judgment would be inadequate, but it does not articulate why that would be so. Thermo Credit notes that "PNC's claims against Thermo Credit will necessarily depend on training proceeds, which cannot be done in the absence of ICOE because

---

[4] It is unclear on the record before the Court which ICOE entity contracted with OCMC.

[5] The Court suspects that Hall, who is proceeding *pro se* in this matter, believes that ICOE, Ltd.'s absence as a party will somehow lead to Hall being held personally liable for the actions of the company; Hall may rest assured that the issue of whether he may be personally liable to PNC will be resolved in the same way regardless of whether ICOE, Ltd., is a party in this case.

of the lack of correlation between what ICOE purchased from OCMC and the subset of accounts that Thermo Credit factored on behalf of ICOE." Thermo Credit Brief at 5. This simply means that PNC will only be able to recover the amount, if any, for which Thermo Credit is liable, which might well be, as Thermo Credit suggests, less than the amount for which ICOE, Ltd., and Thermo Credit together would be liable. That might leave PNC without complete relief with regard to the entire situation at issue in this case–its loss of its collateral–but that is not the relevant inquiry. As already noted, even if ICOE, Ltd., is dismissed from this case, PNC can obtain complete relief vis-a-vis the remaining defendants in this case in its absence; it is of no moment that it might have been entitled to additional relief from ICOE, Ltd., were it still a defendant.

Finally, Thermo Credit argues that PNC would have an adequate remedy even if this case were dismissed for lack of subject matter jurisdiction because it could refile its case in a state court that had personal jurisdiction over all of the Defendants. That well may be true; however, that appears to be the only factor that militates against dismissing ICOE, Ltd..

For the reasons set forth above, the Court determines that ICOE, Ltd., is a dispensable party and therefore **GRANTS** PNC's motion to dismiss it from this action and **DISMISSES** Defendant ICOE, Ltd. This dismissal is without prejudice to PNC's right to move to amend its complaint to reinstate ICOE, Ltd., as a defendant if discovery later reveals that ICOE, Ltd., is, in fact, diverse, and PNC can demonstrate the propriety of permitting such an amendment at that point in the litigation.

Thermo Credit's motion to dismiss for lack of personal jurisdiction remains pending and will be decided by separate order.

SO ORDERED: 03/23/2009

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Copy by United States Mail to:**

**Martin Scott Hall**
**308  Blue Quail Court**
**Bedford, TX 76021**

Copies to all counsel of record via electronic notification