UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PNC BANK, NATIONAL ASSOCIATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 1:07-cv-992-WTL-TAB |
| ) | |
| ICOE, LTD., et al., ) | |
| ) | |
| Defendants. ) | |

**ENTRY ON THERMO CREDIT'S MOTION TO DISMISS OR TRANSFER**

This cause is before the Court on Defendant Thermo Credit, LLC's motion to dismiss for lack of personal jurisdiction or, in the alternative, to transfer. The motion is fully briefed[1] and the Court, being duly advised, **GRANTS** the motion for the reasons set forth below.

In its amended complaint in this case, Plaintiff PNC Bank, National Association ("PNC") alleges that it entered into a revolving credit and security agreement with an Indiana corporation, OCMC, Inc. The revolving credit agreement granted PNC a first-priority security interest in OCMC's collateral, which included "all receivables"; PNC perfected its security interest. PNC alleges that in October 2005 OCMC transferred certain of its accounts receivable and their proceeds in which PNC had a perfected security interest to Defendants Martin Scott Hall, ICOE,

---

[1] The Court notes that the Plaintiff included in its response to the instant motion a request that it be permitted to conduct additional jurisdictional discovery in the event the Court was inclined to deny the motion as briefed. The Plaintiff also filed a separate "Conditional Motion for Jurisdictional Discovery" making the same request. That motion was granted by the Magistrate Judge assigned to this case; however, rather than making the additional discovery conditional on an essentially advisory ruling by this Court, the Magistrate Judge appropriately gave the Plaintiff a finite time period within which to conduct whatever jurisdictional discovery it believed it needed. The deadline for that discovery was eventually extended to February 28, 2008; no supplemental evidence or briefing on the personal jurisdiction issue has been submitted since that date. Accordingly, the motion is fully briefed and ready for resolution.

LLC, and/or the recently dismissed ICOE, Ltd. (collectively "ICOE") without giving notice to or obtaining the consent of PNC. ICOE then entered into a factoring agreement with Thermo Credit pursuant to which the account debtors on the transferred accounts receivable sent their payments directly to Thermo Credit, again without notice to or consent from PNC. PNC alleges that the transfer of the accounts receivable by OCMC to ICOE and by ICOE to Thermo Credit are void as to PNC and that the Defendants are liable to it for conversion of the accounts receivable and also are liable for treble damages, costs and attorney fees pursuant to the Indiana Crime Victims Act. PNC also seeks declaratory judgment against each of the Defendants that its security interest in the accounts receivable has priority over any interest or right the Defendants might assert.

In the instant motion, Thermo Credit seeks dismissal of PNC's claims against it on the ground that this Court lacks personal jurisdiction over it. When a defendant challenges the Court's personal jurisdiction over it, the plaintiff bears the burden of demonstrating the existence of jurisdiction. *Jennings v. AC Hydraulic A/S*, 383 F.3d 546, 548 (7th Cir. 2004). Where, as here, a motion to dismiss is resolved without an evidentiary hearing, the plaintiff's burden is satisfied if it makes a prima facie case of personal jurisdiction. *Purdue Research Foundation v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). "In evaluating whether the prima facie standard has been satisfied, the plaintiff is entitled to the resolution in its favor of all disputes concerning relevant facts presented in the record." *Id.* (citations omitted).

Where, as here, there is no applicable federal statute providing for nationwide service of process, a federal district court may exercise personal jurisdiction over a defendant if a court of the state in which it sits would have such jurisdiction. Fed.R.Civ.P. 4(k)(1)(A). This Court sits

in Indiana, and Indiana Trial Rule 4.4(A) provides for jurisdiction "on any basis not inconsistent with the Constitution of this state or the United States"; in other words, Indiana permits the exercise of personal jurisdiction to the full extent permitted by the Federal Due Process Clause. *LinkAmerica Corp. v. Albert*, 857 N.E.2d 961, 967 (Ind. 2006).

There are two forms of personal jurisdiction that a court may constitutionally exercise over a non-resident defendant, "general" and "specific" jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984). Specific jurisdiction is applicable when the basis of the suit "arises out of or is related to" the defendant's contacts with the forum state. "When the contacts with the forum state are unrelated to the subject matter of the lawsuit, general personal jurisdiction may be established if the defendant's contacts are so continuous and systematic that the defendant could reasonably foresee being haled into court in that state for any matter." *Central States, Southeast and Southwest Areas Pension Fund v. Phencorp Reinsurance Co., Inc.*, 440 F.3d 870, 875 (7th Cir. 2006).

Thermo Credit is a limited liability company with its primary place of business in Louisiana. PNC impliedly concedes that Thermo Credit has not had the type of continuous and systematic contacts with Indiana necessary to support a finding of general jurisdiction. Further, Thermo Credit asserts, and PNC does not dispute, that the contract between Thermo Credit and ICOE did not provide for any performance to take place in Indiana; Thermo Credit is located in Louisiana, and it dealt with Defendant Hall, who resides in Texas, on behalf of ICOE, and Integretel, the California company that billed ICOE's accounts. However, PNC argues that it is nonetheless appropriate for this Court to exercise specific jurisdiction over Thermo Credit in this

case because it did have several contacts with Indiana that were related to the subject matter of this lawsuit. The contacts PNC points to are as follow:[2]

- In order to determine whether to do business with ICOE, Thermo Credit's chairman, Seth Block, traveled to Indianapolis to meet with ICOE's president Martin Scott Hall and to conduct "onsite due diligence" at OCMC's Indianapolis location.

- Following this trip, Thermo Credit requested an "opinion letter" from OCMC to confirm that OCMC's tax and regulatory filings were current and spoke to Ann Bernard, counsel for OCMC, regarding that request; the opinion letter ultimately was sent from Bernard in Indianapolis to Thermo Credit. Thermo Credit wanted this confirmation because the ICOE accounts that Thermo Credit was going to be factoring were going to be billed under OCMC's customer identification code until ICOE's application for its own customer identification code was processed and approved.

- Thermo Credit executed a "Quad-Party Agreement" along with ICOE, Integretel, and OCMC which required Integretel, which was OCMC's and ICOE's billing agent, to forward a percentage of the net proceeds it received on the factored accounts (which, again, were being processed under OCMC's customer identification number) to Thermo Credit.

These contacts with the State of Indiana are insufficient to subject Thermo Credit to suit in Indiana in this case. "To establish specific jurisdiction under the familiar minimum contacts

---

[2]Thermo Credit disputes many of the facts PNC alleges; however, as previously noted, the Court must resolve all factual disputes in PNC's favor given the procedural posture of the instant motion.

4

analysis, a plaintiff must show that the defendant has purposefully availed itself of the privilege of conducting activities within the forum state and that the exercise of personal jurisdiction over that defendant would comport with traditional notions of fair play and substantial justice." *Jennings*, 383 F.3d at 549 (citations and internal quotation marks omitted). It is not enough that the defendant had "fortuitous contacts" with the state; rather, jurisdiction must be based on contacts that "demonstrate a real relationship with the state with respect to the transaction at issue." *Purdue Research Foundation*, 338 F.3d at 780. "To this end, the Supreme Court repeatedly has asked whether the defendant has deliberately engaged in significant activities within the forum state, or whether it has created continuing obligations between itself and a resident of the forum." *Id.* at 780-81 (citations omitted).

      The allegations against Thermo Credit in this case arise out of its business dealings with ICOE in which it factored certain accounts receivable that were owned by ICOE. The only connection those dealings have with Indiana is that the accounts receivable previously had been transferred to ICOE by OCMC, an Indiana company, and those accounts were still being billed under OCMC's customer identification number. That kind of tangential connection does not make it reasonable to subject Thermo Credit to suit in Indiana. Nor do Thermo Credit's single visit to Indiana and its solicitation of an opinion letter from OCMC, inasmuch as those fleeting contacts with Indiana were made in furtherance of Thermo Credit's relationship with ICOE, not as part of any ongoing relationship with OCMC. Finally, while PNC makes much of the fact that the Quad Party Agreement was executed by both OCMC and Thermo Credit,

> contracting with an out-of-state party alone cannot establish automatically sufficient minimum contacts in the other party's home forum. Instead, we are directed to adopt a "highly realistic" approach and to place the contract in the context of the entire transaction of which it is a part. Thus, we must take into

>  account prior negotiations, contemplated future consequences, the terms of the contract and the parties' course of actual dealing with each other. It is these factors and this perspective that ought to guide the judicial inquiry as to whether the defendant purposefully has established minimum contacts within the forum.

*Id.* at 781.  In this case, the Quad Party Agreement did not establish any relationship between Thermo Credit and OCMC, and those two companies had no course of dealing with one another at all.  The accounts receivable were no longer owned by OCMC by the time Thermo Credit came on the scene.  Further, Thermo Credit had no say in the use of OCMC's customer identification number; rather, that arrangement was between OCMC, ICOE, and Integretel.  Personal jurisdiction cannot be based on the "'unilateral activity' of parties who have some relationship with an out-of-state defendant."  *Citadel Group Ltd. v. Washington Regional Medical Center,* 536 F.3d 757, 761-62 (7th Cir. 2008).

      PNC has failed to establish a prima facie case that the exercise of personal jurisdiction by this Court over Thermo Credit would be appropriate in this case.  Rather, even resolving all factual disputes in favor of PNC, the record demonstrates that Thermo Credit's contacts with Indiana have been so insignificant that it would not "comport with traditional notions of fair play and substantial justice" to subject it to suit here.  Thermo Credit clearly is subject to suit in Louisiana, however, and therefore the Court must consider whether this case should be dismissed or transferred to the District Court for the Eastern District of Louisiana pursuant to 28 U.S.C. § 1631, which requires the transfer of a case to cure the lack of personal jurisdiction when such a transfer is in the interest of justice.  PNC did not ask that this case be transferred rather than dismissed in the event that the Court determined that it could not exercise personal jurisdiction over Thermo Credit, even though Thermo Credit suggested such a transfer as an alternative form of relief in its motion.  Therefore, the Court sees nothing compelling a finding

that the interests of justice would be better served by transferring this case rather than by granting Thermo Credit its preferred relief–dismissal. Accordingly, PNC's claims against Thermo Credit in this case are **DISMISSED WITHOUT PREJUDICE**. This cause will continue against the two remaining defendants, Martin Scott Hall and ICOE, LLC.[3]

SO ORDERED: 03/23/2009

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Copy by United States Mail to:**

**Martin Scott Hall**
**308 Blue Quail Court**
**Bedford, TX 76021**

Copies to all counsel of record via electronic notification

---

[3]The Court has previously ruled that ICOE, Ltd., is not a necessary party to this case; for the same reasons, Thermo Credit is not a necessary party to PNC's claims against the two remaining defendants and this case may proceed in Thermo Credit's absence.